IN THE MATTER OF THE PETITION OF VEEDER G. THOMAS, ASSIGNEE, ETC., FOR THE DISTRIBUTION OF CERTAIN MONEYS IN THE HANDS OF THE COUNTY TREASURER OF KINGS COUNTY, ARISING ON A SALE IN PARTITION.

*Will — Sale of real estate under decree in partition suit — when proceeds will be considered as realty.*

An interest in certain real estate was devised to one R. for life, with remainder over to her children. While the children were still infants, the real estate was sold under a decree in a suit for partition, instituted by one of the other tenants in common. *Held*, that the estate of the infants was not changed by the sale, and that their interest in the proceeds was to be regarded as realty, and not as personalty.

Distinction drawn between the effect of a sale under the provisions of a will and a sale had under a decree in partition.

APPEAL from an order affirming the report of a referee.

The facts appear in the opinion.

*Edwin T. Rice*, for the appellant.

*Wm. Henry Anthon*, for the respondent.

TAPPEN, J.:

Mrs. Haff died in the year 1832, seized of an undivided interest in real estate, and leaving a will, devising the income of the same

for life, to her daughter, Mrs. Ryder; the remainder over to Mrs. Ryder's children.

The executors were empowered, with Mrs. Ryder's consent, to be signified in writing, under seal, and attested by two or more witnesses, to sell any of the real estate, and to invest the proceeds in the purchase of other real estate, and on bond and mortgage; and Mrs. Ryder was to have the income produced by such property, so purchased, or that produced by the bonds and mortgages, in which the proceeds might be invested. It was further provided as follows: "From and immediately after the decease of my said daughter, the real estate so purchased and the moneys put out at interest on bond and mortgage, shall go to the children of my said daughter, share and share alike, and to their heirs, executors, administrators and assigns, forever."

The real estate was *not* sold under the power of sale; the consent in writing, to the executors, was not given. A partition suit was brought by Peter Conover and others, after Mrs. Haff's death, in which action her devisees were made parties. A decree was made in chancery, October 7, 1834, whereby the rights of the several parties were determined, and it was adjudged that the defendants (infants), Aletta Ryder, Anthony Ryder, Sarah Ryder, Margaret Ryder, and Catharine Ryder, were each seized, in fee, of one-tenth of certain of the estate, subject to the life-estate of their mother, Sarah Ryder. As to the other estate, set forth in the decree, they were each adjudged to be seized, in fee, of one-twentieth part, subject as aforesaid. The premises were sold and the proceeds brought into court, and subsequently invested from time to time, and finally came to the hands of the county treasurer, who now holds $5,090, for the distribution whereof this proceeding is brought.

It appears that Mrs. Ryder was twice married, and died in November, 1858, leaving, by her first husband, the five children above named, and, by her second husband, Daniel Richards, two children, to wit, Elvira and Daniel Richards.

Elvira became the wife of Henry P. Bradley; she died intestate, November 17, 1861, without issue or descendant, and leaving her husband surviving. He took administration of her estate, and, as husband and administrator, he assigned to the petitioner the share which he claimed to belong to Elvira, in the moneys aforesaid.

It is asserted by the petitioner, that the moneys, by and on the sale of the realty, became personalty, and that, as such, the hus band of Elvira is entitled thereto.

On the tenth of October, 1859, the Supreme Court made an order, confirming the report of B. D. Silliman, referee, and setting forth that Elvira Richards was entitled, under the will of Mrs. Haff, to one-seventh of the fund then in court; such one-seventh, to wit, $5,090, to be passed to the credit of Elvira, and the interest to be paid to her general guardian.

On the petition in the pending proceeding, a reference was ordered to George G. Reynolds, Esq., who reported thereon. The report was confirmed by order, May 21, 1869, and the fund awarded to the brothers and sisters, both of the whole and half blood of Elvira Bradley, as her heirs-at-law. The petitioner filed exceptions to the report, which exceptions were overruled, and he now brings this appeal.

It is to be observed that the fund arose from the sale of the realty, under a decree in partition, and that the sale was not made pursuant to any will, or by the surrogate's order for the payment of debts;[*] hence, the rule in *Kellett* v. *Rathbun*,[†] and kindred cases, that a sale, under the provisions of a will, converts the proceeds of realty into personalty, does not apply.

The disposition of the land of infants by means of a sale under the statute, or in partition, does not change the character of the estate;[‡] and this view of the law is repeated in *Horton* v. *McCoy*,[§] and in *Sweezy* v. *Thayer*.[‖]

The controlling feature in the present case is this: the power of sale to the executors of Mrs. Haff, is not unqualified; it is made dependent on a written consent to be signed and sealed by her·daughter, the life tenant, in the presence of two or more credible witnesses. This restriction upon the power of sale, with the non-exercise of that power, prevents the conversion of the realty into personalty, which has been argued to result from the mere force of an absolute power of sale contained in a will.

[*] 2 R. S. (3d ed.), 173.                [†] 4 Paige, 102.
[‡] Davison v. Defreest, 3 Sand. Ch. R., 456; 3 R S., (5th ed.), 41.
[§] 47 N. Y., 21.                [‖] 1 Duer, 286

The order appealed from should be affirmed, with ten dollars costs.

Present—BARNARD, P. J., TALCOTT and TAPPEN, JJ.

Order affirmed, with ten dollars costs.